# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

---

Jacob Lechtenberg

        Plaintiff,

vs.

Rice County (Minnesota), Rice County
Sheriff Jesse Thomas, individually, and in
his capacity as Rice County Sheriff, Rice
County Jail Nurse Jillian Simon,
individually and in her capacity as a Rice
County Jail Nurse, Rice County
Corrections Officer William Dopp,
individually and in his capacity as a Rice
County Corrections Officer, Adil Debgue,
individually and in his capacity as a Rice
County Corrections Officer, Derrek
Stepaniak., individually and in his
capacity as a Rice County Corrections
Officer, Jason Krohn, individually and in
his capacity as a Rice County Corrections
Officer, and American Correctional
Healthcare, Inc.,

        Defendants.

**Case No.: 21-cv-2314**

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

---

The above captioned Plaintiff for his COMPLAINT and causes of action

against the above-named Defendants, states and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for

Defendant's violation of his federal constitutional rights guaranteed by the Eight

and Fourteenth Amendments to the Constitution of the United States, while

acting under the color of state laws as well as for negligence.

## JURISDICTION & VENUE

2.      This action arises under the United States Constitution, particularly

under the provisions of the Eight and Fourteenth Amendments, and under

federal law, particularly 42 U.S.C. § 1983 of the Civil Rights Act.

3.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §

1331, which gives this Court original jurisdiction over civil actions arising under

the federal laws and federal constitution, and pursuant to 28 U.S.C. § 1343(a)(3)-

(4), which gives this Court original jurisdiction over civil actions to redress the

deprivation under color of state law, statute, ordinance, regulation, custom or

usage of any federal constitutional right or any right secured by federal statutes

including 42 U.S.C. § 1983.

4.      Venue is proper in the District of Minnesota, as the acts and

transactions complained of herein all occurred within the district.

## PARTIES

5.      Plaintiff, a citizen and resident of the State of Minnesota, was

2

incarcerated in the Rice County Jail from June 2, 2024 through June 3, 2024.

6.      Defendant Rice County, Minnesota ("Rice County") is, and at all relevant times was, a political entity charged with the control and supervision of all law enforcement personnel, jail personnel and contractors in the Rice County Jail, including Defendants Rice County Correctional Officers William Dopp, Adil Debgue, Derrek Stepaniak, and Jason Krohn, and Rice County Jail Nurse Jillian Simon.

7.      Upon information and belief, Defendant Sheriff Jesse Thomas is, and at all relevant times was, a duly appointed and acting Sheriff of Rice County Jail and, as such, in charge of the Rice County Jail. As such, Defendant Thomas was a duly appointed agent authorized to enforce the law and was acting under the color of the law at all times herein material. All causes of action brought against Defendant Thomas are brought both individually and in his official capacity as Sheriff.

8.      At all times herein material, Defendant Sherriff Jesse Thomas was charged with the control and supervision of all law enforcement personnel, jail personnel and contractors in the Rice County Jail, including Defendants Rice County Correctional Officers William Dopp, Adil Debgue, Derrek Stepaniak, and Jason Krohn, and Rice County Jail Nurse Jillian Simon.

9.      Defendants Rice County, Minnesota, and Sheriff Jesse Thomas were,

3

at all times herein material, responsible for hiring of, retention of, and training of, Defendants Rice County Correctional Officers William Dopp, Adil Debgue, Derrek Stepaniak, and Jason Krohn, and, in whole or in part—along with Defendant American Correctional Healthcare, Inc.— the hiring of, retention of, and training of Rice County Jail Nurses, including Rice County Jail Nurse Jillian Simon.

10.    Defendants Rice County Correctional Officers William Dopp, Adil Debgue, Derrek Stepaniak, and Jason Krohn, are, and at all relevant times were, duly appointed and acting Correctional Officers at the Rice County Jail. As such, Defendant Correctional Officers William Dopp, Adil Debgue, Derrek Stepaniak, and Jason Krohn were a duly appointed agents authorized to enforce the law and were acting under the color of the law at all times herein material. All causes of action brought against Defendant Correctional Officers William Dopp, Adil Debgue, Derrek Stepaniak, and Jason Krohn are brought both individually and in their official capacity as correctional officers. Defendant Correctional Officers William Dopp, Adil Debgue, Derrek Stepaniak, and Jason Krohn interacted with Plaintiff, were aware of his medical condition and need for medical assistance and treatment and failed to provide the adequate medical assistance and/or treatment.

11.    Defendant Rice County Jail Nurse Jillian Simon is, and at all relevant

4

times was, a duly appointed and acting Rice County Jail Nurse. On information and belief, Defendant Rice Coun ty Jail Nurse Jillian Simon was an employee of Defendant American Correctional Healthcare, Inc., with which Rice County had contracted to provide healthcare in the jail.  As such, Defendant Rice County jail Nurse Jillian Simon was a duly appointed agent authorized to enforce the law and was acting under the color of the law at all times herein material. All causes of action brought against Defendant Rice County Jail Nurse Jillian Simon are brought both individually and in her official capacity as a Rice County Jail Nurse. Defendant Rice County Jail Nurse Jillian Simon was aware of Plaintiff's medical condition and need for medical assistance and treatment and failed to provide adequate medical assistance and/or treatment.

12.     Defendant American Correctional Healthcare, Inc. ("ACH") is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 1030 East Highway 377, Suite 110 265, Granbury, TX 76048 and its registered agent for service, Katy Herring, is at 120 McKinley Drive, Burleson, TX 76028.

13.     On information and belief, Defendant ACH at all times material, had a contract with Defendant Rice County to provide medical services, including nursing services, at the Rice County, Minnesota Jail. As such, Defendant ACH and its employees were the agents of Rice County and were acting under color of

state law at all times herein material. Defendant ACH is liable for the acts and omissions of its employees, including Rice County Jail Nurse Jillian Simon and was responsible, in whole or in part—along with Rice County—for the training and supervision of its nurses, including Rice County Jail Nurse Jillian Simon.

## FACTUAL BACKGROUND

14.     Jacob Lechtenberg was booked into the Rice County Jail in the early morning hours of Sunday, June 2, 2024.  At the time of his booking, he informed the booking officer, William Dopp, that he had epilepsy and was prone to seizures.  He further informed the booking officer that he did not have his seizure medication and that without it he would have a seizure while incarcerated. He also stated that he was suicidal. The Rice County jail staff, including Defendants William Dopp, Adil Debgue, Derrek Stepaniak, and Jason Krohn restrained him to prevent outward self-harm but did nothing to procure his seizure medication or prevent him from suffering a seizure while in custody.

15.     While Plaintiff was incarcerated at the Rice County Jail, Defendants William Dopp, Adil Debgue, Derrek Stepaniak, Jason Krohn, and Jillian Simon had actual notice of plaintiff's epilepsy, actual notice that Plaintiff  was indicating self-harm, actual notice that Plaintiff did not have his seizure medication, and actual notice that Plaintiff *would* have a seizure while in custody.

16.     Defendants William Dopp, Adil Debgue, Derrek Stepaniak, Jason

6

Krohn, and Jillian Simon thus exhibited a deliberate disregard for a known and obvious risk to Plaintiff. A substantial risk of serious harm to Plaintiff existed and Defendants knew of the substantial risk and disregarded it by failing to take reasonable measures to abate it.

17. During Plaintiff's booking, the booking officer specially asked Plaintiff how the jail could get him his medication—indicating that he understood the necessity of procuring the medication—but when Plaintiff was unable to give the precise name of the needed medication, no further inquiry was made, and no steps were taken to get him his medication while he was incarcerated. Further, the booking officer confirmed that Plaintiff's mother was his emergency contact, knew of his medical condition and could be contacted regarding his medical condition. Although Plaintiff provided his mother's phone number, his mother was not contacted to procure the needed medication or even determine the identity of the needed medication.

18. During Plaintiff's booking, the booking officer called the on-call nurse—who on information and belief was Defendant Jillian Simon—to inform her of Plaintiff's epilepsy and risk of seizure. Neither she nor any other medical staff attempted to identify the needed medication or procure it. Further, despite knowing of Plaintiff's epilepsy and need for medication, Defendant Jillian Simon, did not see Plaintiff or provided any treatment to Plaintiff when she arrived for

7

work on the morning of Monday, June 3, 2024.

19.     With no intervention by any Defendant, the inevitable happened at approximately 12:41 pm on Monday afternoon.  Plaintiff suffered the seizure that he predicted he would have and that, for all intents and purposes, the jail staff knew he would have while incarcerated.

20.     During his seizure, Plaintiff suffered a traumatic brain injury and has suffered severe and permanent personal injuries and damages.

## COUNT I
## DENIAL OF DUE PROCESS RIGHT TO ADEQUATE MEDICAL CARE
### (As to all Defendants except Rice County and Sheriff Thomas)

21.     Plaintiff hereby realleges and incorporates by reference the allegations complained of above as if set forth specifically herein.

22.     While incarcerated in Defendants' custody, Plaintiff had a constitutional right under the substantive due process clause of the Eight and Fourteenth Amendments to the United States Constitution to have his basic human needs met, including receiving adequate medical care. Deliberate indifference to an inmate's serious medical needs constitutes a violation of Plaintiff' Eight and Fourteenth Amendment rights.

23.     Plaintiff's constitutional right to receive adequate medical care under the Eight and Fourteenth Amendments was clearly established.

24.     Defendants' behavior far surpassed "mere negligence." Defendants

willfully denied Plaintiff adequate medical care and were deliberately indifferent to Plaintiff's medical needs. Plaintiff had objectively serious medical needs and Defendants were required to procure and administer his needed medication, have him see a doctor, whether in house or at a third-party facility, and/or transfer him to a qualified medical provider for adequate and necessary medical treatment. Defendants knew of and disregarded a substantial risk of serious harm to Plaintiff's health and safety. Defendants' acts and/or omissions in response to Plaintiff's medical needs were so grossly incompetent and inadequate as to shock the conscience.

25.    As a direct and proximate result of Defendants' acts and/or omissions, as described herein, Defendants, while acting under color of state law, deprived Plaintiff of his federal constitutional right to receive adequate medical care in violation of the Eight and Fourteenth Amendment and 42 U.S.C. § 1983.

26.    As a direct and proximate result of the acts and/or omissions of Defendants, as described herein, Plaintiff suffered and continues to suffer damages for past and future pain, suffering, disfigurement, permanent injury, medical expenses, wage loss and loss of earnings capacity, and loss of enjoyment of life, or as otherwise available to them under 42 U.S.C. § 1983, all to his damage in an amount to be determined at trial.

## COUNT II
## DENIAL OF DUE PROCESS RIGHT TO ADEQUATE MEDICAL CARE
### (As to Defendant Rice County)

27.     Plaintiff hereby realleges and incorporates by reference the allegations complained of above as if set forth specifically herein.

28.     While incarcerated in Defendant Rice County's custody, Plaintiff had a constitutional right under the substantive due process clause of the Eight and Fourteenth Amendments to the United States Constitution to have his basic human needs met, including receiving adequate medical care. Deliberate indifference to an inmate's serious medical needs constitutes a violation of Plaintiff' Eight and Fourteenth Amendment rights.

29.     On information and belief, Rice County has had an on-going and systematic failure to properly provide adequate medical care and attention to inmates by, *inter alia*, failing to provide proper medications, failing to provide assessment by an M.D., and failing to provide proper referral to outside medical providers capable of diagnosing and treating serious medical conditions.

30.     Rice County's practice of failing to provide proper medications, failing to provide assessment by an M.D., and failing to provide proper referral to outside medical providers capable of diagnosing and treating serious medical conditions proper was systematic and a *defacto* policy and procedure of Rice County.

31.     Defendant Rice County's behavior far surpassed "mere negligence." Defendant Rice County's *defacto* policy of on-going and systematic failure to provide needed medications, adequate medical care and attention to inmates constituted a willful denial of adequate medical care to Plaintiff. Defendant Rice County was deliberately indifferent to Plaintiff's medical needs. Defendant Rice County knew of and disregarded a substantial risk of serious harm to Plaintiff' health and safety.  Defendant Rice County's acts and/or omissions in response to Plaintiff' medical needs were so grossly incompetent and inadequate as to shock the conscience.

32.     As a direct and proximate result of Defendant Rice County's acts and/or omissions, as described herein, Defendant Rice County, while acting under color of state law, deprived Plaintiff of his federal constitutional right to receive adequate medical care in violation of the Eight and Fourteenth Amendment and 42 U.S.C. § 1983.

33.     As a direct and proximate result of Defendant Rice County's acts and/or omissions, as described herein, Plaintiff suffered and continues to suffer damages for past and future pain, suffering, disfigurement, permanent injury, medical expenses, wage loss and loss of earnings capacity, and loss of enjoyment of life, or as otherwise available to them under 42 U.S.C. § 1983, all to his damage in an amount to be determined at trial.

## COUNT III
## FAILURE TO TRAIN
### (As to Defendants Rice County and Sheriff Thomas)

34.     Plaintiff hereby realleges and incorporate by reference the allegations complained of above as if set forth specifically herein.

35.     Plaintiff's pain and suffering and other damages as alleged herein were a direct result not only of the Defendants' acts and/or omissions in violation of the Eight and Fourteenth Amendments to the federal constitution and 42 U.S.C. § 1983 as described herein, but also of constitutional violations caused by failure of Defendant Sheriff Jesse Thomas to properly train the Rice County jail staff, including, Defendants William Dopp, Adil Debgue, Derrek Stepaniak, Jason Krohn, and Jillian Simon on how to adequately assess medical needs and provide adequate medical treatment. The failure to train its employees by Rice County in these ways amounted to deliberate indifference to Plaintiff' constitutional rights.

36.     Further, on information and belief, Rice County has had an on-going and systematic failure to properly train its correctional officers and jail staff such that it had a *defacto* policy and procedure of not properly training its jail staff in how to adequately assess medical needs and provide adequate medical treatment.

37.     As a direct and proximate result of the failure of Defendants Rice

12

County and Sheriff Thomas to properly train its jail staff, as described herein, Defendants Rice County and Sheriff Thomas, while acting under color of state law, deprived Plaintiff of his federal constitutional right to receive adequate medical care in violation of the Eight and Fourteenth Amendments and 42 U.S.C. § 1983 and his federal constitutional right to not be deprived of life, in violation of the Eight and Fourteenth Amendment and 42 U.S.C. § 1988.

38.     As a direct and proximate result of Defendants Rice County and Thomas's and/or omissions, as described herein, Plaintiff suffered and continues to suffer damages for past and future pain, suffering, disfigurement, permanent injury, medical expenses, wage loss and loss of earnings capacity, and loss of enjoyment of life, or as otherwise available to them under 42 U.S.C. § 1983, all to his damage in an amount to be determined at trial.

**COUNT IV**
**FAILURE TO TRAIN**
**(as to Defendant ACH)**

39.     Plaintiffs hereby reallege and incorporate by reference the allegations complained of above as if set forth specifically herein.

40.     Plaintiff's pain and suffering and other damages as alleged herein were also a direct result of the failure of Defendant ACH to properly train its staff, including Defendant Rice County Jail Nurse Jillian Simon, on how to adequately investigate, assess, and evaluate inmates' medical needs, and how to

13

determine whether to immediately provide medical care and/or seek outside medical care for ailing inmates.

41.     As a direct and proximate result of the failure of Defendant ACH to properly train its jail staff, including Defendant Rice County Jail Nurse Jillian Simon, as described herein, Defendant ACH, while acting under color of state law, deprived Plaintiff of his federal constitutional right to receive adequate medical care in violation of the Eight and Fourteenth Amendments and 42 U.S.C. § 1983 and his federal constitutional right to not be deprived of life, in violation of the Eight and Fourteenth Amendment and 42 U.S.C. § 1988.

42.     As a direct and proximate result of Defendant ACH acts and/or omissions, as described herein, Plaintiff suffered and continues to suffer damages for past and future pain, suffering, disfigurement, permanent injury, medical expenses, wage loss and loss of earnings capacity, and loss of enjoyment of life, or as otherwise available to them under 42 U.S.C. § 1983, all to his damage in an amount to be determined at trial.

**COUNT V**
**NEGLIGENCE**
**(as to Defendant Rice County Corrections Officers**
**William Dopp, Adil Debgue, Derrek Stepaniak, and Jason Krohn)**

43.     Plaintiff hereby realleges and incorporate by reference the allegations complained of above as if set forth specifically herein.

44.     Defendants Rice County Corrections Officers William Dopp, Adil

14

Debgue, Derrek Stepaniak, and Jason Krohn had a duty to exercise reasonable care in recognizing Plaintiff's health issues and taking reasonable steps to provide him with health care.

47. These Defendants failed to exercise reasonable care in recognizing Plaintiff's health issues and providing him with health care.

46. As a direct and proximate result of these Defendants' breach of duty and negligence, through their negligent acts and/or omissions, as described herein, Plaintiff suffered and continues to suffer damages for past and future pain, suffering, disfigurement, permanent injury, medical expenses, wage loss and loss of earnings capacity, and loss of enjoyment of life, or as otherwise available to them under 42 U.S.C. § 1983, all to his damage in an amount to be determined at trial.

### COUNT VI
### NEGLIGENCE
### (as to Defendants Rice County and Sheriff Thomas)

47. Plaintiff hereby realleges and incorporate by reference the allegations complained of above as if set forth specifically herein.

48. Defendants Rice County and Sheriff Jesses Thomas had a duty to exercise reasonable care in training and supervising jail staff including Defendants William Dopp, Adil Debgue, Derrek Stepaniak, Jason Krohn, and Jillian Simon regarding how to assess medical needs and provide needed

medical care.

49.     Defendants Rice County and Sheriff Thomas failed to exercise reasonable care in training and supervising Rice County Corrections Officers William Dopp, Adil Debgue, Derrek Stepaniak, Jason Krohn, and Rice County Jail Nurse Jillian Simon regarding how to assess medical needs and provide needed medical care and were in other ways negligent in the way they trained and/or supervised Rice County jail staff.

50.     As a direct and proximate result of Defendants Rice County and Sheriff Thomas's breach of duty and negligence, through their negligent acts and/or omissions, as described herein, Plaintiff suffered and continues to suffer damages for past and future pain, suffering, disfigurement, permanent injury, medical expenses, wage loss and loss of earnings capacity, and loss of enjoyment of life, or as otherwise available to them under 42 U.S.C. § 1983, all to his damage in an amount to be determined at trial.

## COUNT VII
### NEGLIGENCE
### (as to Defendant ACH)

51.     Plaintiff hereby realleges and incorporate by reference the allegations complained of above as if set forth specifically herein.

52.     Defendant ACH had a duty to exercise reasonable care in training and supervising it's Rice County jail medical staff, including Rice County Jail

Nurse Jillian Simon, regarding how to assess medical needs and provide needed medical care.

53.     Defendant ACH failed to exercise reasonable care in training and supervising its Rice County jail staff, including Rice County Jail Nurse Jillian Simon, regarding how to assess medical needs and provide needed medical care and were in other ways negligent in the way it trained and/or supervised its Rice County jail medical staff, including Rice County Jail Nurse Jillian Simon.

54.     As a direct and proximate result of Defendant ACH's breach of duty and negligence, through its negligent acts and/or omissions, as described herein, Plaintiff suffered and continues to suffer damages for past and future pain, suffering, disfigurement, permanent injury, medical expenses, wage loss and loss of earnings capacity, and loss of enjoyment of life, or as otherwise available to them under 42 U.S.C. § 1983, all to his damage in an amount to be determined at trial.

## COUNT VIII
## MEDICAL NEGLIGENCE
### (as to Defendants ACH and Rice County Jail Nurse Jillian Simon)

55.     Plaintiff hereby realleges and incorporate by reference the allegations complained of above as if set forth specifically herein.

56.     As licensed medical professionals, Defendants Jillian Simon and ACH were tasked with providing medical services to the inmates at the Rice

17

County Jail, including Plaintiff. They had a duty to provide Plaintiff with competent medical care, including providing necessary medications.

57.     This duty included, among other things, performing a competent assessment of Plaintiff, providing needed medications, and referring Plaintiff to an outside provider as necessary.

58.     Defendants Jillian Simon and ACH breached these duties by failing to perform a competent assessment of Plaintiff, and failing to provide necessary medications and/or refer him to an outside medical professional to receive adequate care.

59.     Further, on information and belief, at all times herein material Defendant Julian Simon was acting within the scope of her employment with Defendant ACH. Defendant ACH is liable by respondeat superior for Defendant Simon's negligence and breach of the standard of care as described herein.

60.     As a direct and proximate result of each of these Defendant's breaches of the applicable standard of medical care owed to Plaintiff, he sustained past and future pain and suffering, past and future disability, past and future loss of enjoyment of life, decreased future earning capacity, and past and future medical and rehabilitation expenses, and was thereby damaged in an amount to be determined at trial. The deviation from the standard was the direct and proximate cause of all of plaintiff's injuries and damages as above alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, jointly and severally, as follows:

A.     Finding that Defendants, and each of them, committed acts and omissions that constituted violations of the Eight and/or Fourteenth Amendment to the United States Constitution, actionable under 42 U.S.C. §1983 and/or were negligent;

B.     Awarding judgment in favor of Plaintiff against the Defendants, and each of them, jointly and severally in an amount to be determined at trial as and for compensatory damages;

C.     Awarding Plaintiff all applicable pre-judgment and post-judgment interest;

D.     Awarding Plaintiff his attorney's fees and costs pursuant to 42 U.S.C. § 1988 and/or their contingency fee agreement; and

E.     Awarding such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

**A TRIAL BY JURY ON ALL ISSUES SO TRIABLE IS HEREBY REQUESTED**.

19

DATED:  June 30, 2025                          **BENNEROTTE & ASSOCIATES, P.A.**


By:    *s/ Vincent J. Moccio*_____
        Vincent J. Moccio (MN# 184640)

3085 Justice Way, Suite 200
Eagan, MN 55121
612-799-5160
vincent@ bennerotte.com

**ATTORNEYS FOR PLAINTIFF**